**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2006 JUN 21  A 10: 27

|  |  |  |
|---|---|---|
| **VINNIE NORMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. CV 2:06cv 553** |
| | ) | |
| **FAMILY DOLLAR STORES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Family Dollar Stores, Inc. ("Defendant" or "Family Dollar

Stores, Inc."), incorrectly identified in the complaint as "Family Dollar Stores", pursuant to the

provisions of 28 U.S.C. §§1332, 1441 and 1446, appearing specially so as to preserve any and all

defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses

under the federal laws of bankruptcy and specifically preserving the right to demand arbitration

pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.*, and

hereby gives notice of the removal of this action from the Circuit Court of Montgomery County,

Alabama, to the United States District Court, Middle District of Alabama, Northern Division,

and in support thereof, states as follows:

## INTRODUCTION

1.      Plaintiff Vinnie Norman ("Plaintiff") commenced this action on or about May 12,

2006, by filing a Complaint against Defendant in the Circuit Court of Montgomery County,

Alabama, (Civil Action Number CV-2006-1341), which is a state court within this judicial

district.  Plaintiff's Complaint alleges that Defendant is liable for negligence, wantonness,

physical pain and suffering, permanent injury, and mental anguish as a result of the injury Plaintiff allegedly suffered while on Defendant's property located in Montgomery, Alabama.

2.    Family Dollar Stores, Inc. has not been served with the Summons and Complaint. However, Family Dollar Stores, Inc. received a copy of the complaint at issue on or about May 31, 2006. Therefore, this Notice of Removal is timely filed.   True and correct copies of all pleadings, process, and orders served upon Defendant are attached hereto as Exhibit "A."

<b><u>GROUNDS FOR REMOVAL</u></b>

**I.    DIVERSITY JURISDICTION**

3.    This case is properly removable pursuant to 28 U.S.C. §1441, which provides in pertinent part as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.    This Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1)    citizens of different States....

**A.    Citizenship of the Parties**

5.    There is complete diversity of citizenship between Plaintiff and the Defendant, Family Dollar Stores, Inc., who has not been properly served in this action, but was put on notice of the complaint on May 31, 2006.

6.    Plaintiff alleges that he is a resident citizen of the State of Alabama at the time this action was filed. (Complaint, ¶ 1).

7.    Defendant Family Dollar Stores, Inc. is a corporation existing pursuant to the laws of the State of Delaware, with its principal place of business in North Carolina. Defendant Family Dollar Stores, Inc. is, therefore, not a citizen of the State of Alabama.

**B.    Amount in Controversy**

8.    The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, notwithstanding the fact that Plaintiff's Complaint does not set forth a specific amount of damages claimed. It is well-settled that an indeterminate complaint "does not show that the case is not removable; it simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986). In such cases, the court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575. With that said, it is clear that, if the allegations of the complaint in the case at hand are well-founded, the amount in controversy requirement of $75,000.00 would be satisfied.

9.    In his Complaint, Plaintiff seeks both compensatory and punitive damages. Nowhere in the Complaint does Plaintiff limit his recovery to less than $75,000.00. Moreover, this case involves negligence and wantonness claims with accompanying requests for compensatory and punitive damages. As this Court is aware, compensatory damages in negligence and wantonness actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms well exceeding the $75,000 required for diversity jurisdiction.

10.    Punitive damages in this case could clearly exceed $75,000. In recent negligence and wantonness cases, defendants such as the defendant in this case have suffered punitive damages awards well in excess of $75,000. *See, e.g., Shiv-Ram, Inc. v. McCaleb*, 892 So. 2d 299

(Ala. 2003) (award of $500,000 in punitive damages for claims of negligence and wantonness in premises liability action); *Akins Funeral Home, Inc. v. Miller*, 858 So. 2d 267 (Ala. 2003) ($150,000 in punitive damages awarded in negligence and wantonness matter); *Kmart Corp. v. Peak*, 757 So. 2d 1138 (Ala. 1999) ($225,000 punitive damage award in action for negligence and wantonness against store for premises liability); *Mead Coated Board, Inc. v. Dempsey*, 644 So. 2d 872 (Ala. 1994) (punitive damage award of $1,000,000.00 against premises owner in action alleging negligence, wantonness, and loss of consortium).

11.    The amount of compensatory damages sought by Plaintiff could also satisfy the amount in controversy requirement.  As this Court is aware, compensatory damages in actions alleging negligence and wantonness have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms.  Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from similar actions.  *See, e.g., Lanier Memorial Hosp. v. Andrews*, 901 So. 2d 714 (Ala. 2004) (awarding $200,000 in mental anguish damages in negligence and wantonness action); *Akins Funeral Home, Inc. v. Miller*, 878 So. 2d 267 (Ala. 2003) (respective compensatory damages awards of $200,000 and $450,000 to plaintiffs for their emotional distress in action involving allegations of negligence and wantonness); *Martin v. McDonald's and Kindred*, CV-03-2559, 2005 WL 3116326 (LRP JURY) (awarding $150,000 in compensatory damages against premises owner for negligence and wantonness); *Hudson v. Parkway Storage, LLC*, CV-02-2262, 2003 WL 24047626 (LRP JURY) (awarding $100,000 in compensatory damages in negligence and wantonness action where mental anguish was claimed as an injury); *Huisenga v. Wal-Mart*, CV-02-0810, 2003 WL 23305173 (LRP JURY) (awarding $192, 500 in compensatory damages to plaintiff in negligence and wantonness action for store's premises liability); *Addison v.*

1473409                                                    4

*Montgomery Housing Authority,* CV-01-5480, 2002 WL 32169542 (LRP JURY) (awarding $500,000 in compensatory damages in negligence and wantonness action). Consequently, the amount in controversy requirement is easily satisfied in the case at hand.

## ADOPTION AND RESERVATION OF DEFENSES

9.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Alabama or Federal Rule of Civil Procedure 12, any state or federal statute, or otherwise.

## JURISDICTIONAL REQUIREMENTS

10.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

11.    Defendant has heretofore sought no similar relief.

12.    The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing the place where this action is pending in state court.

13.    Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

14.    Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, as provided by law.

1473409

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

_____

Mac B. Greaves (ASB-6830-A60M)
Stephen J. Bumgarner (ASB-2089-M66S)
William J. Long (ASB-2089-I44L)

Attorneys for Defendant
Family Dollar Stores, Inc.

**OF COUNSEL:**
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203-5206
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to his office address through first-class, United States mail, postage prepaid, on this the 20th day of June, 2006:

Christopher B. Pitts, Esq.
Christopher B. Pitts P.C.
4142 Carmichael Road, Suite A
Montgomery, AL  36106

_____

OF COUNSEL