IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINNIE NORMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06cv553 |
| FAMILY DOLLAR STORES,. | ) ) |
| Defendant. | ) |

## ANSWER OF FAMILY DOLLAR STORES, INC.

**COMES NOW** the Defendant Family Dollar Stores, Inc. ("Family Dollar" or "Defendant"), incorrectly identified in the complaint as "Family Dollar Stores", by and through its undersigned counsel, and hereby submits its Answer to plaintiff Vinnie Norman's ("Plaintiff") Complaint:

1. Defendant denies the same and demands strict proof thereof.

2. Defendant denies the same and demands strict proof thereof.

3. Defendant admits that a Family Dollar Store is located at 4752 Mobile Highway in Montgomery, Alabama. Defendant denies the remaining allegations of Paragraph 3 and demands strict proof thereof.

4. Defendant denies the same and demands strict proof thereof.

5. Defendant denies the same and demands strict proof thereof.

6. Defendant denies the same and demands strict proof thereof.

7. Defendant denies the same and demands strict proof thereof.

8. Defendant denies the same and demands strict proof thereof.

1473404

## COUNT ONE: NEGLIGENCE AND WANTONNESS

9. To the extent Paragraph 9 contains factual allegations, Defendant denies the same and demands strict proof thereof.

10. Defendant denies the same and demands strict proof thereof.

11. Defendant denies the same and demands strict proof thereof.

12. Defendant denies the same and demands strict proof thereof.

13. Defendant denies the same and demands strict proof thereof.

14. Defendant denies the same and demands strict proof thereof.

15. Defendant denies the same and demands strict proof thereof.

16. Defendant denies the same and demands strict proof thereof.

17. Defendant denies the same and demands strict proof thereof.

In response to plaintiff's Prayer for Relief, Family Dollar denies that the plaintiff is entitled to the relief request or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Family Dollar upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred due to her assumption of the risk.

### THIRD DEFENSE

Plaintiff's claims are barred due to the plaintiff's failure to exercise ordinary care in discovering the alleged defect.

## FOURTH DEFENSE

Plaintiff's claims are barred as the plaintiff's alleged injuries were not proximately caused by the defendant's negligence.

## FIFTH DEFENSE

Plaintiff's claims are barred as the alleged hazard was open and obvious.

## SIXTH DEFENSE

Plaintiff's claims are barred as his own negligence contributed to his alleged injuries.

## SEVENTH DEFENSE

The plaintiff's claims are barred due to his failure to exercise ordinary care to reduce his alleged damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## NINTH DEFENSE

Some or all of the plaintiff's claims are barred by the doctrines of set-off and recoupment.

## TENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH DEFENSE

Some or all of the plaintiff's claims are barred due to accord and satisfaction.

## TWELFTH DEFENSE

Family Dollar is not guilty of any of the allegations made against it in the Complaint.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred due to his contributory negligence.

## FOURTEENTH DEFENSE

Family Dollar is not a personal guarantor of an invitee's safety.

## FIFTEENTH DEFENSE

To the extent plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Family Dollar, including the plaintiff's own contributory negligence.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence, payment, release, judicial estoppel, and *res judicata*.

## SEVENTEENTH DEFENSE

The claims of plaintiff for punitive damages against Family Dollar cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Family Dollar's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## EIGHTEENTH DEFENSE

Family Dollar avers that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Family Dollar's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause

of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

## TWENTIETH DEFENSE

Plaintiff is not entitled to recover punitive damages pursuant to *Ala. Code* § 6-11-20.

## TWENTY-FIRST DEFENSE

The Complaint fails to state a claim upon which punitive damages may be awarded.

## TWENTY-SECOND DEFENSE

Family Dollar denies that it has been guilty of any conduct which entitles plaintiff to recover punitive damages.

## TWENTY-THIRD DEFENSE

Family Dollar denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Family Dollar.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by and/or subject to all applicable limitations established by the Alabama legislature including those set forth in § 6-11-21, *et seq.*, Code of Alabama.

## TWENTY-FIFTH DEFENSE

Family Dollar denies that it was or has engaged in a pattern or practice of intentional wrongful conduct, and denies that plaintiff has produced evidence sufficient to support or sustain a pattern or practice of intentional wrongful conduct by Family Dollar so as to justify an award of punitive damages.

## TWENTY-SIXTH DEFENSE

Plaintiff cannot recover punitive damages against Family Dollar because such an award, which is penal in nature, would violate Family Dollar's constitutional rights protected under the Alabama Constitution of 1901, as amended (the "Alabama Constitution"), and the Constitution of the United States (the "United States Constitution"), unless Family Dollar is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## TWENTY-SEVENTH DEFENSE

Subjecting or affirming an award of punitive damages against Family Dollar in this case would amount to and constitute a denial of due process as afforded by the due process clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Art. I, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)   Any award of punitive damages against Family Dollar under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of evidence beyond a reasonable doubt;

(b)   There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award, and such an award is subject to no predetermined limit;

(c)   Use of the <u>Alabama Pattern Jury Instructions</u> 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)   Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(e)     The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(f)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and Family Dollar's alleged wrongful or culpable conduct;

(g)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i)     In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a non-apportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against Family Dollar for any portion of that judgment regardless of Family Dollar's culpability, or relative culpability;

(j)     Should the Court require the award of punitive damages in a single joint and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)     Where a joint and several punitive damage award is mandated to be in a single amount, against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the culpability of the conduct of the respective defendants;

(l)     An award of punitive damages would constitute an arbitrary and capricious taking of property of Family Dollar without due process of law;

(m)     An award of punitive damages may be assessed against Family Dollar for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of Family Dollar;

1473404                                        7

(n) An award of punitive damages may be assessed against Family Dollar "vicariously" as a principal without any further proof of independent wrongful conduct or ratification by Family Dollar;

(o) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(p) Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(q) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Family Dollar;

(r) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(s) The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(t) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

### TWENTY-EIGHTH DEFENSE

To award punitive damages against Family Dollar in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, § 15 of the Alabama Constitution.

### TWENTY-NINTH DEFENSE

To award punitive damages against Family Dollar in this case would have a chilling effect upon Family Dollar's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### THIRTIETH DEFENSE

To award punitive damages against Family Dollar in this case would violate the commerce clause of the United States Constitution by chilling and impeding Family Dollar from

engaging in interstate commerce, and such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

### THIRTY-FIRST DEFENSE

Plaintiff's claims for punitive damages against Family Dollar are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

### THIRTY-SECOND DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ I, 6, and 22 of the Alabama Constitution, separately and severally.

### THIRTY-THIRD DEFENSE

Plaintiff's complaint seeks to make this defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled, BMW of North America. Inc. v. Gore, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 121 S.Ct. 1678, 149 L.Ed 2d 674 (2001), and State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S.Ct. 1513 (2003), on the issue of punitive damages. Defendant adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for punitive damages violates the rights of this defendant to due process and equal protection of the law as guaranteed by the Constitution of the United States and the

Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a) The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b) The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this defendant;

(c) The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d) The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e) This procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f) The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

### THIRTY-FIFTH DEFENSE

In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, Ala. Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

### THIRTY-SIXTH DEFENSE

Plaintiff is not entitled to a jury trial with respect to the claims for punitive damages.

## THIRTY-SEVENTH DEFENSE

To the extent that punitive damages are awarded on a joint and several basis against one or more defendants, such an award violates § 6-11-21(e) of the Code of Alabama.

Family Dollar reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations of the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

_/s/ Will Long_
Mac B. Greaves (ASB-6830-A60M)
Stephen J. Bumgarner (ASB-2089-M66S)
William J. Long (ASB-2268-I44L)

Attorneys for Defendant
Family Dollar Stores, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the office address through first-class, United States mail, postage prepaid, on this the 20th day of June, 2006:

Christopher B. Pitts, Esq.
Christopher B. Pitts P.C.
4142 Carmichael Road, Suite A
Montgomery, AL 36106

_/s/ Will Long_
OF COUNSEL