**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Vinnie Norman,<br>Plaintiff, | 553-csc<br>CIVIL ACTION NO: CV-06-~~1341~~ |
| v. | |
| Family Dollar Stores, Inc. & Jeanette Dillard<br>Defendant. | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Vinnie Norman, by and through her Attorney Christopher B. Pitts of Christopher B. Pitts, P.C. in the above-styled cause and makes the following complaint for personal injuries:

### Statement of the Parties

1. Plaintiff, Vinnie Norman (hereinafter "Ms. Norman"), is over the age of 19 years. Plaintiff is a citizen of the State of Alabama and resides in Montgomery County, Alabama.

2. Defendant, Jeanette Dillard (hereinafter "Dillard"), is over the age of 19 years and is a citizen of the State of Alabama and resides in Montgomery County, Alabama.

3. Defendant, Family Dollar Stores (hereinafter "Defendant"), is a domestic corporation and owns and operates various stores in the State of Alabama.

4. Defendant owns and operates a Family Dollar Store located at 4752 Mobile Highway in Montgomery, Alabama.

5. Dillard was and continues to be the manager of Defendant's store located at 4752 Mobile Highway in Montgomery, Alabama.

6. On or about May 13, 2004, Defendant was conducting business in Montgomery, Alabama and is therefore subject to the jurisdiction of this court.

## Statement of the Facts

7. Ms. Norman was a regular customer at the Family Dollar Store located at 4752 Mobile Highway in Montgomery, Alabama. On or around May 13, 2004, Plaintiff entered Defendant's store as a business invitee.

8. On or around the date in question, Ms. Norman walked down an aisle in the store and was struck in the head and back by a box.

9. Subsequent to this incident, Ms. Norman experienced numerous physical and/or health problems, such as blurred vision, seizures, increased blood pressure, a change in diabetic condition, a change in walking pattern, headaches, and pain in neck and shoulder area. In addition to the abovementioned physical and/or health problems, Ms. Norman has suffered mental anguish as well as pain and suffering.

10. Furthermore, Ms. Norman had to seek medical treatment and has incurred medical expenses as a result of said incident.

## Count One : Negligence and Wantonness

11. Plaintiff re-alleges paragraphs 1 through 10 of the Complaint.

12. Defendant owed a duty of care to business invitees to maintain safe, non-hazardous premises and to make reasonable inspections of its premises.

13. Defendant owed a duty of care to Ms. Norman, a business invitee.

14. Defendant breached its duty of care by failing to maintain safe, non-hazardous premises and by failing to conduct reasonable inspections of said premises to discover and reveal the same, thereby resulting in Ms. Norman's injuries.

15. Ms. Norman's injuries were foreseeable or should have been foreseeable to Defendant due to such a dangerous condition existing on Defendant's premises.

16. Defendant knew or should have known that the lack of inspection of premises or unsafe, hazardous conditions could cause serious bodily injury to Ms. Norman.

17. Therefore, Defendant's negligent and wanton actions caused Ms. Norman's injuries.

18. Ms. Norman is entitled to recover compensatory and punitive damages for pain and suffering, mental anguish, and serious bodily injury arising from Defendant's negligence and wantonness.

19. The aforementioned facts establish Ms. Norman's claim for negligence and wantonness against Defendant.

<u>Count Two: Respondeat Superior</u>

20. Plaintiff realleges paragraph 1 through 19 of the Complaint.

21. This Count is based on the Respondeat Superior relationship between the Defendant Family Dollar Stores, Inc. and Defendant Dillard, in that, at all times material hereto, Defendant Dillard was acting as agent, employee or servant of Defendant Family Dollar Stores Inc., and was acting within the line and scope of her employment.

22. Because Defendant Dillard was acting within the line and scope of her employment with Defendant Family Dollar Stores, Inc., at all times material hereto, they are liable for her actions and her failure to properly supervise and ensure that the premises were safe to all invitees.

23. Defendant, Dillard failed to properly shelf or oversee the employees stocking the shelves, when a box fail and hit Ms. Norman in her head and back.

24. This action is brought pursuant to §6-5-300, Code of Alabama 1975, concerning the State of Alabama guidelines for master and servant relationship.

### Relief Requested

Plaintiff requests relief from Count One and Two by judgment against Defendant for compensatory and punitive damages.

Respectfully submitted,

_____
Christopher B. Pitts (ASB-4340-H71T)
Attorney for Plaintiff
Vinnie Norman

OF COUNSEL:
Christopher B. Pitts P.C.
4142 Carmichael Road, Suite A
Montgomery, AL 36106
(334) 356-9995

### JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL