IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINNIE NORMAN,<br><br>   Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 2:06-cv-553<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

**COMES NOW** Defendant Family Dollar Stores, Inc. ("Defendant" or "Family Dollar"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.*, and submits this memorandum of law in opposition to plaintiff's motion to remand.

## INTRODUCTION

Plaintiff brought this action by filing a complaint against Family Dollar in the Circuit Court of Montgomery County, Alabama, (Civil Action Number CV-2006-1341), on or about May 12, 2006. Although not properly served at the time, Family Dollar received a copy of the complaint on or about May 31, 2006. In the complaint, plaintiff alleges that Defendant is liable for negligence, wantonness, physical pain and suffering, permanent injury, and mental anguish as

1491125

a result of the injury plaintiff allegedly suffered while on Defendant's property located in Montgomery, Alabama. On or about June, 20, 2006, Family Dollar removed this action to the Middle District of Alabama, Northern Division.

On August 10, 2006, plaintiff filed a motion to amend her complaint to add Jeanette Dillard ("Ms. Dillard"), the manager of a Family Dollar store that is not at issue, as a party to the action. Along with her motion to amend, plaintiff also filed a motion to remand this action to state court. In her motion for remand and supporting memorandum of law, plaintiff argues that the case is to be remanded because diversity will be defeated once Dillard is added to the underlying lawsuit. For the following reasons, plaintiff's motion to remand is due to be denied.

## I.

## ARGUMENT

This Court should deny the motion to remand because plaintiff's motion to amend her complaint is designed purely to defeat diversity between plaintiff and Family Dollar, and thus destroy this Court's subject matter jurisdiction. Consequently, plaintiff's motion remand is due to be denied.

### A.   THE PROPOSED ADDITION OF JEANETTE DILLARD AS A PARTY CONSTITUTES FRAUDULENT JOINDER.

The citizenship of Dillard is immaterial: "If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal." *Tedder v. F.M.C. Corp.*, 590 F. 2d 115, 117 (5th Cir. 1979). Moreover, as explained recently by the Eleventh Circuit: "The potential for legal liability 'must be reasonable, not merely theoretical.' In considering *possible* state law claims, possible must mean 'more than such a possibility that a

designated residence can be hit by a meteor tonight.'" *Legg v. Wyeth*, 428 F. 3d 1317, 1325 n.5 (11th Cir. 2005) (citations omitted).

In this case, Plaintiff has not pled any claims specific to Dillard. Plaintiff only avers that "Dillard was the store manager" and that she "failed to oversee and monitor the stocking of the shelves." (*See* Plaintiff's Motion To Amend, p. 1). Accordingly, the only apparent source of any duty owed by Dillard arises from Dillard's employment with Family Dollar. Plaintiff has failed to state a claim against Dillard, and there is "no arguably reasonable basis for predicting" that Alabama law might impose liability on Dillard under the facts alleged in the Complaint. The law in Alabama establishes that an ***owner***, as opposed to a manager/employee, owes the duty to the invitee in a premises liability case. *See Prince v. Wal-Mart Stores, Inc.*, 804 So. 2d 1102 (Ala. Civ. App. 2001) ("The duty a premises owner owes to an invitee is well established."). Plaintiff has, notably, ***not*** alleged that Dillard was an "owner" of the Family Dollar premises where Plaintiff allegedly suffered her injury.

To the contrary, jurisdictions which have had to confront the issue have held that an employee or manager does ***not*** personally owe a duty invitees on his employer's premises. *Accordino v. Wal-Mart Stores E., L.P.*, No. 3:05CV71632MCR, 2005 WL 3336503, at *5 (M.D. Fla. Dec. 8, 2005) ("[F]or an individual defendant to be liable for a tort, the defendant must have committed the alleged tortious act in his individual capacity. . . . Accordino has failed to cite and the Court fails to find a Florida case establishing a cause of action against a manager of a retail store in his individual capacity . . . ."); *Griffin v. Dolgen Corp.*, 143 F. Supp. 2d 670, 672 (S.D. Miss. 2001) ("To saddle a store manager with personal liability . . . would essentially make the store manager the personal guarantor of each customer's safety. The Court is of the opinion that liability, if any, more properly belongs to the store owner who is in a better position . . . to bear

the cost of such suits."); *Dodson v. K-Mart Corp.*, 891 So. 2d 789, 795 (La. Ct. App. 2004) ("We find that Frazier [the front-end manager] is not personally liable to Dodson as he was acting solely in his administrative capacity that day."); *Adams v. Sears, Roebuck & Co.*, 490 S.E. 2d 150, 697 (Ga. Ct. App. 1997) ("Adams contention that Washington, the store manager, is personally liable for her injuries is without merit. . . . [B]ecause Washington was neither an 'owner nor occupier' of the Sears' store, he cannot be held liable . . . .").

Moreover, were the Court to entertain any doubts in this regard, it need not rely solely on the pleadings: "[I]t is well-settled that, upon allegations of fraudulent joinder, federal courts may look beyond the pleadings to determine if the joinder is a fraudulent device to prevent removal." *Bloodworth v. Smith & Nephew*, No. Civ.A. 2:05CV622-D, 2005 WL 3470337, at *4 (M.D. Ala. Dec. 19, 2005). In fact, it is "legal error" for a court to refuse to consider affidavits proffered by a party when examining removal or remand. *Legg*, 428 F. 3d at 1323. In the present instance, Dillard states that she was never employed as the "manager" of the store where the accident occurred. (*See* Jeanette Dillard's declaration, attached hereto as Exhibit "A"). Specifically, Dillard has never worked at the store located at 4752 Mobile Highway in which plaintiff alleges the accident occurred. *Id.* Plaintiff, notably, has not alleged that she suffered any injury in the store where Dillard worked. Dillard's declaration further notes that she is not the owner of Family Dollar or its premises. Therefore, Dillard's potential addition as a defendant constitutes fraudulent joinder, and plaintiff's motion to remand is due to be dismissed.

    **B.    PLAINTIFF SEEKS TO AMEND HER COMPLAINT SOLELY TO DESTROY DIVERSITY.**

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Jerido v. American General Life and*

*Accident Insur. Co., et. al.*, 127 F.Supp. 2d 1322, 1325 (M.D. Ala. 2001) (denying plaintiff's motions to amend and remand). Thus, to fully assess plaintiff's motion to amend her original complaint, this Court must weigh several factors:

> [T]o determine whether the court will exercise its discretion under 28 U.S.C. § 1447(e) to disallow the amendment, or to allow the amendment and remand the case. Those factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Id.*; citing *Hensgens v. Deere and Co.*, 833 F. 2d 1179, 1182 (5th Cir. 1987) (*cert. denied*).

### 1. Plaintiff Seeks To Add An In-State Defendant Solely To Defeat Diversity.

The first step under the *Hensgens* analysis is for the Court to decide if the "purpose of the amendment is to defeat federal jurisdiction." The new defendant, Dillard, is not an employee of the store at issue. (Exhibit "A"). Moreover, as detailed above, her addition to the lawsuit as an employee does nothing to change the potential liability owed to plaintiff. No other claim or theory of liability is offered against Dillard. Accordingly, plaintiff does not allege that Dillard is personally liable, and thus any potential liability remains fully on Family Dollar.

Because the overall liability remains unchanged, the only possible purpose for plaintiff's amended complaint is to destroy diversity:

> Where the amendment seeks to add nondiverse defendants, of whom the plaintiff was aware or should have been aware of at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the nondiverse defendants were sought to be added for the purpose of keeping the case out of federal court.

*Porterfield v. Flowers Baking Co. of Opelika*, 2006 WL 1147333, *3 (M.D. Ala.) (Judge Fuller presiding) (denying plaintiff's motion to amend to add resident defendant); *citing Smith v. White Consol. Indus., Inc.*, 229 F.Supp. 2d 1322, 1325 (M.D. Ala. 2001). Plaintiff was undoubtedly aware that the Family Dollar store was run by a store manager, but Plaintiff now seeks to add an

employee from a store in which the alleged accident did not occur. Accordingly, plaintiff's amendment is clearly more concerned with finding a "resident employee" than amending the factual or legal claims in her complaint. *Jerido*, 127 F.Supp. 2d at 1325; *citing Sexton v. G & K Services, Inc.* 51 F.Supp. 2d 1311, 1314 (M.D. Ala. 1999).

The Court must also analyze the motion to amend in the context of the contemporaneous filings: "In addition, the timing of the amendment, coming simultaneously with the Motion to Remand and after removal, also lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction." *Jerido*, 127 F.Supp. 2d 1325. Plaintiff simultaneously filed her motion to amend her complaint with her motion to remand, which further establishes that the purpose of the amendment is to destroy diversity. As such, given that Dillard's did not even work at the store at issue, and that the motion to amend was filed at the same time as the motion to remand, the first factor of the *Hensgens* analysis clearly favors Family Dollar's opposition to remand.

### 2.   Plaintiff Was Clearly "Dilatory" In Filing The Motion To Amend.

The second element of the *Hensgens* analysis is whether the plaintiff was "dilatory" in seeking to amend her complaint. 833 F. 2d at 1182. Plaintiff filed her complaint on or about May 12, 2006. Family Dollar subsequently removed this action on or about June 20, 2006. Accordingly, this action has been pending before this Court for approximately forty (40) days before plaintiff filed her motion to amend. The fact that plaintiff could have easily identified the store manager[1] of the Family Dollar store at issue establishes that she was dilatory in seeking her amendment: "[A] plaintiff's failure to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the identity of the resident without

---

[1] As mentioned above, Dillard never worked at the store in which Plaintiff's alleged accident occurred.

1491125                                                          6

discovery." *Porterfield*, 2006 WL 1147333 at *3; *citing Sexton*, 51 F.Supp. 2d at 1314. Plaintiff was clearly "dilatory" in waiting to add an employee, albeit from the wrong store, as a defendant, and thus the second element of the *Hensgens* analysis favors Family Dollar's opposition to remand.

### 3. Plaintiff Will Suffer No Injury Or Prejudice If Her Motion To Amend Is Denied.

The third element of analysis under *Hensgens* is whether the "Plaintiff will be significantly injured if the amendment is not allowed." *Id.* As mentioned above, the amendment only serves to add an instate defendant, namely Dillard as the store manager, and Dillard has never even worked in the store at issue. (Exhibit "A"). Moreover, Dillard would have no personal liability as she is neither the owner of the Family Dollar store nor the premises where the store is located. Accordingly, plaintiff does not need Dillard in the suit to "be afforded complete relief in the absence of the amendment." *Id.* at 1325-26 (adding that "the individual defendant would not be considered to be an indispensable party since the Federal Rules of Civil Procedure does not require joinder of principal and agent.").[2] Moreover, Family Dollar will be completely responsible for any potential judgment as the employer:

> The court may also consider whether the existing defendant can satisfy any potential judgment, whether the existing defendant is legally responsible for the acts of the nondiverse party and can be held liable for them without the nondiverse party being made a defendant to the same action, and whether the plaintiff has adequate access to discovery without the presence of the nondiverse defendant.

*Porterfield*, 2006 WL 1147333 at *3; *see Bevels v. American States Ins. Co.*, 100 F.Supp. 2d 1309, 1314 (M.D. Ala. 2000). Family Dollar will be liable for any potential award in this matter, and the lack of participation of Ms. Dillard as a party-defendant will not affect or hinder

---

[2] Thus, Ms. Dillard is not, as alleged in plaintiff's motion to amend, a necessary party to this action.

1491125                                       7

plaintiff's potential discovery efforts. Consequently, plaintiff will still be afforded her opportunity for "complete relief" despite the absence of Ms. Dillard as a named defendant, and the third factor "weighs against allowing the amendment to defeat diversity jurisdiction." *Jerido*, 127 F.Supp. 2d at 1326.

### 4. The Balance Of Equities Requires The Denial Of Plaintiff's Motion To Amend Her Complaint.

The final factor of analysis under *Hensgens* is to balance the equities between the parties. However, "[i]n balancing the equities, the parties are not on equal footing, and the court should give consideration to the Defendant's right to choose the federal forum." *Id*. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity." *Id*. Plaintiff clearly had an opportunity to name an individual defendant in her initial lawsuit. Furthermore, plaintiff's amended complaint does nothing to expand or safeguard her "complete relief" under her original complaint, and plaintiff has not proffered any reason for the motion other than to defeat federal jurisdiction. Based on the foregoing, and in consideration that the balance of equities is titled in favor of Family Dollar in assessing plaintiff's motion to amend, Family Dollar asserts that plaintiff's motion to remand must be denied.

## II.

## CONCLUSION

Family Dollar's properly removed this action pursuant to 28 U.S.C. § 1332. Plaintiff's subsequent motion to amend her complaint is nothing more than a fraudulent attempt to defeat federal jurisdiction. Consequently, Family Dollar respectfully requests that this Court deny plaintiff's motion amend and motion to remand.

Respectfully submitted,


/s/ William J. Long_____
Mac B. Greaves (ASB-6830-A60M)
Stephen J. Bumgarner (ASB-2089-M66S)
William J. Long (ASB-2089-I44L)

Attorneys for Defendant
Family Dollar Stores, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher B. Pitts, Esq.
Christopher B. Pitts P.C.
4142 Carmichael Road, Suite A
Montgomery, AL 36106


/s/ William J. Long_____
OF COUNSEL