IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINNIE NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:06-cv-553 |
| ) | |
| FAMILY DOLLAR STORES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND HER COMPLAINT**

**COMES NOW** Defendant Family Dollar Stores, Inc. ("Defendant" or "Family Dollar"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§1, *et seq.*, and submits this memorandum of law in opposition to plaintiff's motion to amend her initial complaint.

## INTRODUCTION

Plaintiff brought this action by filing a complaint against Family Dollar in the Circuit Court of Montgomery County, Alabama, (Civil Action Number CV-2006-1341), on or about May 12, 2006. Although not properly served at the time, Family Dollar received a copy of the complaint on or about May 31, 2006. In the complaint, plaintiff alleges that Defendant is liable for negligence, wantonness, physical pain and suffering, permanent injury, and mental anguish as a result of an injury plaintiff allegedly suffered while on Defendant's property located in

1494175

Montgomery, Alabama. On or about June, 20, 2006, Family Dollar removed this action to the Middle District of Alabama, Northern Division.

On August 10, 2006, plaintiff filed a motion to amend her complaint to add Jeanette Dillard ("Ms. Dillard"), the manager of a Family Dollar store not at issue, as a party to the action. Along with her motion to amend, plaintiff also filed a motion to remand this action to state court. In her motion for remand and supporting memorandum of law, plaintiff argues that the case is to be remanded because diversity will be defeated once Dillard is added to the underlying lawsuit. For the following reasons, plaintiff's motion to amend is due to be denied.

## I.

## ARGUMENT

This Court should deny the motion to amend because said motion is designed purely to defeat diversity between plaintiff and Family Dollar, and thus destroy this Court's subject matter jurisdiction. Consequently, plaintiff's motion amend is due to be denied.

### A. PLAINTIFF'S MAY NOT EMPLOY RULE 15 IN A TRANSPARENT ATTEMPT TO DEPRIVE THIS COURT OF JURISDICTION.

Plaintiff's motion to amend is to be denied pursuant to Rule 15 of the Federal Rules of Civil Procedure. A party may not employ Rule 15 to interpose an amendment that would deprive a federal district court of jurisdiction over a removed action. Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1477 (1990); Marsh v. Tillie Lewis Foods, Inc., 257 F. Supp. 645 (D.C. S.D. 1966); Best v. American Nat. Growers Corp., 197 F. Supp. 170 (D.C. S.C. 1961). "It is well settled that the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the Complaint by amendment." Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1477 (1990) (quoting Jacks v. Torrington Co., 256 F. Supp. 282, 287 (D.C.

S.D. 1966)). Plaintiff's amendment seeks to add an in-state resident, who could not possibly have any liability in this matter, solely to defeat diversity. Accordingly, plaintiff's motion to amend should be denied.

> **B.   THE PROPOSED ADDITION OF JEANETTE DILLARD AS A PARTY IS FRAUDULENT.**

The citizenship of Dillard is immaterial: "If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal." *Tedder v. F.M.C. Corp.*, 590 F. 2d 115, 117 (5th Cir. 1979). Moreover, as explained recently by the Eleventh Circuit: "The potential for legal liability 'must be reasonable, not merely theoretical.' In considering *possible* state law claims, possible must mean 'more than such a possibility that a designated residence can be hit by a meteor tonight.'" *Legg v. Wyeth*, 428 F. 3d 1317, 1325 n.5 (11th Cir. 2005) (citations omitted).

In this case, Plaintiff has not pled any claims specific to Dillard. Plaintiff only avers that that Dillard "was acting within the line and scope of her employment with [Family Dollar who is] liable for her actions and failure to properly supervise and ensure that the premises are safe to all invitees." (*See* Plaintiff's Amended Complaint, ¶ 22). Accordingly, the only apparent source of any duty owed by Dillard arises from Dillard's employment with Family Dollar. Plaintiff has failed to state a claim against Dillard, and there is "no arguably reasonable basis for predicting" that Alabama law might impose liability on Dillard under the facts alleged in the Complaint. The law in Alabama establishes that an ***owner***, as opposed to a manager/employee, owes the duty to the invitee in a premises liability case. *See Prince v. Wal-Mart Stores, Inc.*, 804 So. 2d 1102 (Ala. Civ. App. 2001) ("The duty a premises owner owes to an invitee is well

established."). Plaintiff has, notably, *not* alleged that Dillard was an "owner" of the Family Dollar premises where Plaintiff allegedly suffered her injury.

To the contrary, jurisdictions which have had to confront the issue have held that an employee or manager does *not* personally owe a duty invitees on his employer's premises. *Accordino v. Wal-Mart Stores E., L.P.*, No. 3:05CV71632MCR, 2005 WL 3336503, at *5 (M.D. Fla. Dec. 8, 2005) ("[F]or an individual defendant to be liable for a tort, the defendant must have committed the alleged tortious act in his individual capacity. . . . Accordino has failed to cite and the Court fails to find a Florida case establishing a cause of action against a manager of a retail store in his individual capacity . . . ."); *Griffin v. Dolgen Corp.*, 143 F. Supp. 2d 670, 672 (S.D. Miss. 2001) ("To saddle a store manager with personal liability . . . would essentially make the store manager the personal guarantor of each customer's safety. The Court is of the opinion that liability, if any, more properly belongs to the store owner who is in a better position . . . to bear the cost of such suits."); *Dodson v. K-Mart Corp.*, 891 So. 2d 789, 795 (La. Ct. App. 2004) ("We find that Frazier [the front-end manager] is not personally liable to Dodson as he was acting solely in his administrative capacity that day."); *Adams v. Sears, Roebuck & Co.*, 490 S.E. 2d 150, 697 (Ga. Ct. App. 1997) ("Adams contention that Washington, the store manager, is personally liable for her injuries is without merit. . . . [B]ecause Washington was neither an 'owner nor occupier' of the Sears' store, he cannot be held liable . . . .").

Moreover, were the Court to entertain any doubts in this regard, it need not rely solely on the pleadings: "[I]t is well-settled that, upon allegations of fraudulent joinder, federal courts may look beyond the pleadings to determine if the joinder is a fraudulent device to prevent removal." *Bloodworth v. Smith & Nephew*, No. Civ.A. 2:05CV622-D, 2005 WL 3470337, at *4 (M.D. Ala. Dec. 19, 2005). In fact, it is "legal error" for a court to refuse to consider affidavits proffered by

a party when examining removal or remand. *Legg*, 428 F. 3d at 1323. In the present instance, Dillard states that she was never employed as the "manager" of the store where the accident occurred. (*See* Jeanette Dillard's declaration, attached hereto as Exhibit "A"). Specifically, Dillard has never worked at the store located at 4752 Mobile Highway in which plaintiff alleges the accident occurred. *Id.* Plaintiff, notably, has not alleged that she suffered any injury in the store where Dillard worked. Dillard's declaration further notes that she is not the owner of Family Dollar or its premises.

Moreover, the motion to amend her complaint was filed at the exact same time as plaintiff's motion to remand. The simultaneous filings of the two motions clearly "lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction." *Jerido v. American General Life and Accident Insur. Co., et. al.*, 127 F.Supp. 2d 1322, 1325 (M.D. Ala. 2001). Therefore, plaintiff obviously seeks to destroy diversity with the motion to amend by adding claims against Ms. Dillard in her employment capacity, and thus plaintiff's motion to amend her complaint is due to be denied.

## II.

## CONCLUSION

Family Dollar's properly removed this action pursuant to 28 U.S.C. § 1332. Plaintiff's subsequent motion to amend her complaint is nothing more than a desperate attempt to defeat federal jurisdiction, which is fully demonstrated by plaintiff's simultaneous filing of her motion to remand. Consequently, Family Dollar respectfully requests that this Court deny plaintiff's motion amend.

Respectfully submitted,


/s/ William J. Long
Mac B. Greaves (ASB-6830-A60M)
Stephen J. Bumgarner (ASB-2089-M66S)
William J. Long (ASB-2089-I44L)

Attorneys for Defendant
Family Dollar Stores, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100


## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher B. Pitts, Esq.
Christopher B. Pitts P.C.
4142 Carmichael Road, Suite A
Montgomery, AL  36106


/s/ William J. Long
OF COUNSEL