IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VINNIE NORMAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:06-cv-553-MEF |
| | ) | |
| FAMILY DOLLAR STORES, | ) | (WO-Not for Publication) |
| | ) | |
| DEFENDANT. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on Plaintiff's Motion to Amend Complaint (Doc. # 5-1). Attached to the Plaintiff's Motion to Amend Complaint as Exhibit B is Plaintiff's Motion to Remand (Doc. # 5-3). Defendant has filed briefs in opposition to both the motion for leave to amend and the motion to remand. The Court has carefully considered the submissions in support of and in opposition to the motions, as well as the applicable law, and finds for the reasons set forth in this Memorandum Opinion and Order that the motions are due to be DENIED.

### FACTUAL AND PROCEDURAL HISTORY

On May 12, 2006, Plaintiff Vinnie Norman ("Norman") filed suit against Defendant Family Dollar Stores ("Family Dollar") in the Circuit Court of Montgomery County, Alabama. Norman sought an unspecified amount of punitive and compensatory damages for a variety of injuries she allegedly suffered on May 13, 2004, in a store located at 4752 Mobile Highway and owned and operated by Family Dollar. Compl. at ¶¶ 3, 5-7. Norman's

claims against Family Dollar are for alleged negligence and wantonness.  Compl. at ¶ 17.

After being served with the Complaint, Family Dollar timely filed a Notice of Removal invoking this Court's subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.  Along with the Notice of Removal, Family Dollar filed its Answer.

In August of 2006, Norman filed Plaintiff's Motion to Amend Complaint (Doc. 5-1).  By this motion, Norman seeks to add Jeanette Dillard ("Dillard"), a store manager for Family Dollar, as a defendant to this action.  Like Norman, Dillard is a citizen of Alabama.  Without setting forth any explanation for her failure to include Dillard as a defendant in the original Complaint, Norman asks this Court to allow her to add claims against Dillard now and notes that such an addition would strip this Court of its jurisdiction over this action.  Indeed, Norman attached, as an exhibit to her Motion to Amend Complaint, a copy of a Motion to Remand (Doc. 5-3) in which Norman's entire argument in support of remand is predicated on the lack of diversity of citizenship created by the addition as a defendant of Dillard.

On August 31, 2006, Family Dollar filed briefs in opposition to both the Motion to Amend Complaint and the Motion to Remand (Doc. # 9 & Doc. # 10).  These briefs were supported by an affidavit from Dillard.  In those affidavits, Dillard affirms that she works as a store manager for Family Dollar, but avers that she does so in a store located at 810 West South Boulevard, rather than at the store at which Norman alleges she was injured.  Dillard further swears that she has never worked at the store where Norman alleges that she was injured; that she does not own any Family Dollar store; and that she does not recall ever

2

meeting Norman.  Family Dollar argues that Norman cannot and has not meet the legal requirements for amending a complaint under the circumstances of this case.

## JURISDICTION AND VENUE

Based on the record before it, there is no dispute that Norman and Family Dollar are citizens of different states for purposes of 28 U.S.C. § 1332.  Moreover, Norman has not challenged Family Dollar's contention that the amount in controversy requirement for subject matter jurisdiction is satisfied.  Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  The parties have not disputed personal jurisdiction or venue, and the Court finds an adequate evidentiary basis for personal jurisdiction[1] and venue.

## DISCUSSION

To the extent that Norman's proposed amendment of the Complaint seeks to add a new party, who is not diverse in citizenship from Norman, it is a post-removal amendment which would destroy this Court's subject matter jurisdiction.  Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. §1447(e).

---

[1] While Norman does state in Plaintiff's Motion to Amend Complaint that if Dillard is added as a party, this Court would lack personal jurisdiction to hear this matter, the Court is confident based on the context in which it appears that this is a typographical error and that Norman intended to state that adding Dillard as a party would deprive this Court of subject matter jurisdiction because she, like Norman, is a citizen of Alabama.

Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989). *Accord, Sexton v. G & K Servs., Inc.,* 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton,* 51 F. Supp. 2d at 1312. *Accord, Hensgens,* 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.,* 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); *Jerido v. American Gen. Life & Accident Ins. Co.,* 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001); *Bevels v. American States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).

## 1. Intent to Defeat Federal Subject Matter Jurisdiction

Norman cannot seek to amend solely for the purpose of defeating federal subject matter jurisdiction. Where the amendment seeks to add nondiverse defendants, of whom the plaintiff was aware or should have been aware at the time the suit was filed, and occurs only after removal of the case, this court has previously held that the nondiverse defendants were

4

sought to be added for the purpose of keeping the case out of federal court. *See, e.g., Smith,* 229 F. Supp. 2d at 1280; *Bevels*, 100 F. Supp. 2d at 1313; *Sexton,* 51 F. Supp. 2d at 1312-14. From the record before this Court, it appears that the intent of Norman's proposed amendment is solely to defeat federal subject matter jurisdiction.

### 2. Dilatory Amendment

It appears that Norman has been dilatory in amending the Complaint to add Dillard. "Another factor to consider in determining the propriety of the amendment is whether the plaintiff was dilatory in seeking to add [the nondiverse defendant] to the case." *Smith,* 229 F. Supp. 2d at 1282. A plaintiff who waits months to seek to amend the complaint to add a known nondiverse party can be found to have been dilatory about seeking the amendment. *See, e.g., Smith,* 229 F. Supp. 2d at 1282. While a plaintiff may argue that discovery was necessary to confirm the proper identity of the resident defendant, a plaintiff's failure to name such a defendant when the suit was filed and before it was removed is dilatory if plaintiff could have ascertained the identity of the resident defendant without discovery. *Sexton,* 51 F. Supp. 2d at 1314. In this case, it appears that Norman was able to identify Dillard without any discovery once she had the proper incentive, namely to find a resident defendant to bring about remand.

### 3. Lack of Injury or Prejudice to Plaintiff

Norman will not be injured or prejudiced by denial of the proposed amendment because she can proceed with a separate state court action and because she can obtain full

relief from Family Dollar in this case, even without Dillard being present as a defendant in this action. Courts look to several factors when addressing whether a plaintiff will suffer any injury if the proposed diversity destroying amendment is denied. For example, a court may address whether a plaintiff will be able to obtain full relief on his claims without the presence of the nondiverse defendant. *See, e.g., Jerido,* 127 F. Supp. 2d at 1325; *Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. The court may also consider whether the existing defendant can satisfy any potential judgment, whether the existing defendant is legally responsible for the acts of the nondiverse party and can be held liable for them without the nondiverse party being made a defendant to the same action, and whether the plaintiff has adequate access to discovery without the presence of the nondiverse defendant. *See, e.g., Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. Moreover, a court may consider that a plaintiff will not be significantly injured if amendment is denied where plaintiff has the option of filing suit in state court against the resident defendants. *See, e.g., Bevels,* 100 F. Supp. 2d at 1314; *Sexton,* 51 F. Supp. 2d at 1314. Clearly, the defendant more likely to be able to satisfy a judgment is the corporate entity not a store manager. Moreover, there is nothing to prevent Norman from proceeding with two separate actions: one in federal court against Family Dollar and one in state court against Dillard.

### 4. Other Equitable Concerns

Other equitable concerns support a denial of the proposed amendment. "In balancing the equities, the parties do not start out on an equal footing." *Bevels,* 100 F. Supp. 2d at

1313. *Accord, Jerido,* 127 F. Supp. 2d at 1326. The very purpose of the removal statutes is to give diverse defendants the right to choose between a state or federal forum. *Id. Accord*, *Hensgens*, 833 F.2d at 1181. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity." *Sexton,* 51 F. Supp. 2d at 1313. Family Dollar has the right to remove this case to federal court because diversity jurisdiction clearly existed at the time the suit was filed and at the time of removal. Moreover, given the affidavit of Dillard, this Court is very skeptical that Norman has even identified a person who could properly be a defendant to the action she seeks to bring. Moreover, given the legal authorities cited by Family Dollar, it also appears that there are significant legal, as opposed to the obvious factual, problems with Norman's claims against Dillard. In this Court's view, the proposed amendment would be an act of futility which would accomplish little other than establishing grounds for remand which should not otherwise exist. This Court will not allow such an obvious ploy to manipulate the justice system and deprive Family Dollar of its right to litigate this case in this Court.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Plaintiff's Motion to Amend Complaint (Doc. # 5-1) is DENIED.

2. Plaintiff's Motion to Remand (Doc. # 5-3), to the extent that it appears to have been docketed as a motion rather than just as an exhibit, is DENIED because this Court has

original subject matter jurisdiction over this action.

      DONE this the 22nd day of December, 2006.

/s/ Mark E. Fuller

CHIEF UNITED STATES DISTRICT JUDGE
